HILLIARD v. LYMAN et al.

(Circuit Court, D. Vermont. May 24, 1905.)

CORPORATIONS—PERSONAL LIABILITY OF DIRECTORS FOR EXCESSIVE INDEBTEDNESS—VERMONT STATUTE.

Under V. S. 3724, relating to corporations, which provides that "no debts shall be contracted by the corporation exceeding in amount two-thirds of the capital stock actually paid in, and a director assenting to the creation of an indebtedness exceeding such amount shall be personally liable for the excess," the avails of the liability of directors who assent to the creation of indebtedness in violation of such provision are not assets of the corporation, to be collected and marshaled between creditors, but the directors assenting are personally liable jointly and severally directly to a creditor whose debt was beyond the limit, who may enforce such liability by an action at law against one or more of them.

At Law. On demurrer to declaration.

Edward H. Deavitt, for plaintiff.

E. Henry Powell, Max L. Powell, and Wilder H. Burnap, for defendants.

WHEELER, District Judge. The statute under which the defendants were directors provides (V. S. 3724) :

"No debts shall be contracted by the corporation exceeding in amount two-thirds of the capital stock actually paid in; and a director assenting to the creation of an indebtedness exceeding such amount shall be personally liable for the excess."

The declaration alleges the creation of an indebtedness of the corporation amounting to $2,800 to the plaintiff, in excess of two-thirds of the capital stock actually paid in, assented to by the defendants as directors, whereby they became liable therefor by force of the statute, and in consideration thereof undertook and faithfully promised to pay the same. The principal grounds of demurrer urged are that all the creditors in excess are not joined as plaintiffs, and that the remedy, if any, cannot be enforced at law, but only in equity. This statute is to be taken at its face value. There is no other provision regarding its enforcement, or relating to it. Decisions upon other statutes with limitations upon the amount of liability, or providing for its enforcement, are not applicable to these

questions. This liability seems to be original, raised by the statute upon the assent of a director. Windham Provident Institution v. Sprague, 43 Vt. 502. The liability for a debt must be a liability to the creditor, and the avails of the liability would not be assets of the corporation. There is no limit to liability upwards, but it extends as far as the assent goes, and no creditor would have any right to or interest in any recovery by another, as there would or might be if there was a limit to the amount that could be recovered by all. Each creditor must recover only upon the assent of each director to the indebtedness to him in excess, and what is so recovered belongs to that creditor only, and there can be no marshaling between these more than between any creditors of a common debtor. It is the assent of each director that is material to the liability for excess, and they are not holden as a board or body, but each only according to his individual assent; but several assenting to the same debt would seem to be liable jointly on account of that identity.

Demurrer overruled.