CYRUS F. HODDE, Receiver of the HENSELER MERCANTILE OIL & SUPPLY CO., Respondent, v. FREDERICK NOBBE, PETER HAHN, JAMES H. ROACH, VICTOR DIESING, WILLIAM GRAFEMAN, F. F. SINGLETON and E. L. THESIERES, Appellants.

St. Louis Court of Appeals. Argued and Submitted March 5, 1920. Opinion Filed April 6, 1920.

1. **APPELLATE PRACTICE**: References: Objections to Evidence Before Referee: Referee Not Required to Rule Instanter. In an action by a receiver of a corporation against its directors for

dividends alleged to have been improperly paid, an objection made before a referee to the admissibility in evidence of the books of the corporation and such evidence was received by the referee subject to objection and not ruled on instanter, the referee did not commit error in not passing instanter and definitely on the objections, no insistence being made before him and he later specifically notes the objections to the inadmissibility of the books and records and testimony in regard thereto and overruled such objections.

2. EVIDENCE: Action Against Directors to Recover Unlawful Dividends: Corporate Books: Admissibilty.   The book of a corporation are admissible in evidence on behalf of the receiver of a corporation in his suit against the directors of such corporation to recover dividends unlawfully paid by them from the capital of the corporation.

3. CORPORATIONS: Transfer of Assets to Trustee: Consenting Creditors: Not Estopped to Recover Unlawful Dividends From Directors.   Creditors of a corporation by permitting the transfer of its assets to a trustee for their benefit do not lose the right to protect themselves otherwise, and are not limited to the assets so transferred and are not estopped from thereafter, through a receiver, recovering from the directors the amount of dividends unlawfully declared and paid, not out of any surplus, but out of the capital.

4. ABATEMENT AND REVIVAL: Action Against Directors to Recover Unlawful Dividends: Not Abated by Suits Against Them as Stockholders.   The pendency of separate action against each of the directors as stockholders severally seeking the return by them of so much of the dividends as they had received as stockholders, does not abate an action against them as directors for diverting funds of the corporation and turning them over to all of its stockholders when the company was not in condition to make such payments without impairment of its capital, and was insolvent at the time the payments were made; that as a body and individually, the directors are responsible to creditors, or the corporation, or the receiver.

5. CORPPORATIONS: Receivers: Action by Receiver Against Director to Recover Unlawful Dividends: Petition Sufficient.   A petition alleging that plaintiff was receiver of an insolvent corporation, that defendants, as directors, had declared and paid dividends from the capital stock and not out of the surplus, and that the allowed claims exceeded the assets by more than the amount of such dividends, states a good cause of action, certainly after the finding of the referee, which, in effect, is a special verdict, and the judgment of the trial court in favor of the receiver.

6. ———: ———: ———: Receiver May Recover. Under sections 3002 and 3348, Revised Statutes 1909, the liability is fixed on directors who knowingly paid dividends, when the corporation is insolvent, equally in favor of the corporation and its creditors, and its creditors and the receiver of an insolvent corporation may sue to recover dividends unlawfully paid if the directors knew the company was not in condition to pay dividends out of any surplus, or from the circumstances present knowledge of those facts must be imputed to them.

7. ———: ———: ———: Likewise Subsequent Creditors Entitled to Recover. Creditors of a corporation who become such subsequent to the unlawful payment of dividends by directors from its capital stock, are entitled to recover such dividends from the directors.

8. ———: ———: ———: Consent of Corporation and Stockholders to Payment of Unlawful Dividends Does Not Prevent Recovery. Consent by a corporation and its stockholders to the payment of unlawful dividends by its directors from its capital stock does not prevent the recovery of such dividends by the receiver of a corporation after it became insolvent, since the receiver represents as well the creditors as the stockholders and corporation.

9. ———: ———: ———: Interest: Properly Chargeable. In an action by the receiver of an insolvent corporation against its directors for unlawful dividends paid from its capital stock, where there is no proof that creditors knew the facts when dividends were declared, interest is properly chargeable from the time of the diversion by the wrongful act of the directors in declaring dividends when the corporation was insolvent, since the directors are the only person who could have made the demand, and even if the action is ex delicto the directors were trustees not only for the corporation but for its creditors.

Appeal from the Circuit Court of the City of St. Louis.—
*Hon. Rhodes E. Cave*, Judge.

AFFIRMED.

*O. F. Karbe* and *S. C. Rogers*, for appellants.

(1) Estoppel applies under the facts and circumstances here. Plaintiff is but the creditors and they waived their rights, elected to forego pursuing the rights they waived and are now estopped to hold these defendants. It would be a double burden on them. 2 Cook on

Corporations, sec. 548, p. 1616; Brooks v. Brooks, 174 Pa. St. 519; Dougherty v. Poundstone, 120 Mo. App. 300; Bigelow on Estoppel, (6 Ed.) page 732, et seq.; 1 Cook on Corporations, p. 583, sec. 216; Willis v. Black, 117 Calif. 161; 10 Cyc. 665; Morawetz on Private Corps. (2 Ed.), sec. 871; Lawrence v. Greenup, 97 Fed. 906; 2 Cook on Corps., sec. 550, p. 1622, et seq., and authorities cited Note 2; Chrisman-Sawyer Pkg. Co. v. Independent Mfg. Co., 168 Mo. 634; Berry v. Roid, 168 Mo. 316; McMahon v. Pneumatic Transit Co., 85 N. J. Eq. 544; McClarin v. Franciscus, 43 Mo. 466; Hobbs v. Henley, 186 S. W. 981; St. ex rel. Hayes v. Ellison, 191 S. W. 49; Kelsay v. Farmers' & Traders' Bank, 166 Mo. 171. (2) The recommendation of the referee is improper under all the facts and circumstances and by the same token the court's approval thereof and its overruling of defendants' exceptions is error. He failed to rule instanter on objections. Foege v. Woestendiek, 212 . W. 411. The stock was fairly and properly paid up in the first instance. Beebe v. Hatfield, 67 Mo. App. 615; Good will is property. Milling Co. v. Hanebrink, 247 Mo. 221; Pape-Turnbo v. Bedford, 147 Mo. App. 698; Fox v. Glynn, 191 Mass. 344; Bloom v. Ins. Agency, 91 Ark. 373; Mfg. Co. v. Hall, 61 N. Y. 230; Heneger v. Sundseth, 106 Minn. 133. The value of goodwill can be ascertained by its dividend producing capacity. Trust & Sav. Bk. v. Haine Lbr. Co., 118 Mo. 462; Greer v. Lafayette Co. Bk., 128 Mo. 575. Good faith is all that is necessary in setting a valuation upon property in such cases. 10 Cyc. 476, Note 11; 477, Noes 4, 5; 10 Cyc. 478—D and F; Priest v. White, 89 Mo. 609; 2 Cook on Corps., sec. 423, page 1213. (3) Books of the corporation are not evidence against these defendants, saving as to the condition of the company. 2 Cook on Corps., sec. 549, p. 1620. (4) Appellant Diesing is in a different position than the other defendants. He was not shown by competent evidence to have been present at any director's meeting subsequent to January 21, 1911, and was not a stockholder since 1912. The judgment against him is excessive. (5) Under the statute the plead-

ing and proof must show the company to be insolvent or the payment render it insolvent, or which would diminish its capital stock, all at the time. Secs. 3002 and 3348, R. S. 1909. None of this was done. To be "insolvent" must be in such condition it cannot hope to continue in business; it may owe more than its visible assets, but that is not enough; if it has reasonable expectation of being able to tide over its financial difficulties, it is not insolvent within the legal meaning of insolvent. Beyer v. Trust Co., 63 Mo. App. 521.; Kankakee Woolen M. Co. v. Kampe, 38 Mo. App. 229; State ex rel. Moll v. Brockman, 39 Mo. App. 139; Banta v. Hubbel, 167 Mo. App. 48. (6) It must be pleaded and proven that the creditors' claims arose prior to the time of the payment of a dividend, and if subsequent that the respective director sought to be charged was in office. Sec. 3348 R. S. 1909. (7) The proof of allowance of claims against the receiver of the corporation is not proof sufficient there were such claims against the directors as is required in this action. Coleman v. Hagey, 252 Mo. 102.

*Grant & Grant* for respondent.

(1) Dividends can be paid only out of profits or the net increase of capital of a corporation, and cannot be drawn from the capital contributed by the shareholders. To declare and pay dividends out of the capital stock of a corporation is a fraud upon creditors. Coleman v. Booth et al., 268 Mo. 64; Shields v. Hobart, 172 Mo. 517, citing: Barry v. Exchange Co., 1 Sandf. Ch. 307; Williams v. Western Union Tel. Co., 93 N. Y. 162, cited with approval in Coleman v. Booth et al., supra, 85; Wood v. Dummer, 3 Mason, 308-311. This is also the statutory law of this State. R. S. 1909, sec. 3348. This statute also fixes the penalty which, however, was unnecessary because a payment of dividends out of capital stock in violation of the statute or of the common law would be a breach of the duty of the directors, for every violation of law is a breach of duty.

and an action must arise for such breach of duty. Thompson v. Greeley, 107 Mo. 577, 591, 592. There may be differences of opinion as to the oversight required of directors, or as to the facts in a given case, but if the facts found show a violation of duty, then the liability is clear and the right of the receiver to recover is unquestioned. Lyons v. Corder, 253 Mo. 559 and cases cited; Stone v. Rottman, 183 Mo. 552; Bank v. Hill, 148 Mo. 380, 393-394; Finn v. Brown, 142 U. S. 56, 365 Law Ed. 937; Lawrence v. Greenup, 38 C. C. A. 550, 97 Fed. 910. (2) Not only are the books of their corporation competent evidence in such case against the directors, but the books of another corporation with which their company had dealings are equally competent. Lyons v. Corder, 253 Mo. 549. Citing: Anchor Milling Co. v. Walsh, 108 Mo. 284; Lederer v. Morrow, 132 Mo. App. 438. (3) Good will cannot be considered as an asset in determining whether or not the corporation has a surplus out of which dividends can be declared. Coleman v. Booth et al., 268 Mo. 64.

REYNOLDS, P. J.—This is an action by Charles E. Hodde, as receiver of the Henseler Mercantile Oil & Supply Company against the above-named defendants as directors of that company. No service was had upon Singleton or Thesieres and they did not appear, the case being dismissed as to them.

The petition was filed January 21, 1916. It avers the appointment of plaintiff, by the circuit court of the city of St. Louis, as receiver of the Henseler Mercantile Oil & Supply Company, charging the latter with being an insolvent corporation. The action is to recover against the defendants, as directors, dividends aggregating $9225, declared and paid out by them to stockholders, which dividends, it is alleged, were paid out of the capital stock and not out of the surplus, the receiver being authorized by a supplemental order to bring this action. It is further alleged that claims aggregating slightly more than $27,000, have been allowed in

the receivership proceedings and that the receiver has less than $1300 in his hands, none of which is applicable to the payment of dividends. Judgment is prayed for $9225 and interest, and general relief. The defendants served and appearing, after a general denial, set up, first, that at a date about one year prior to the receivership, the creditors of the corporation took charge of its affairs and tried to operate the business for the benefit of the creditors; that the assets of the corporation then exceeded its liabilities, and that the creditors by having so taken over the business were estopped from making any further demands against directors or stockholders; second, that any action for dividends paid more than five years prior to the filing of the petition herein and aggregating $5600, was barred by the Statute of Limitations; third, that at the time of bringing this suit against these defendants, as directors of the corporation, there had been brought and were pending in the same court separate actions against each of the defendants severally, seeking to recover from them, as stockholders, these same dividends.

The reply was a general denial.

The referee, making his report to the court, arrived at the conclusion that the plaintiff was entitled to a joint and several judgment for the amount of dividends paid subsequent to January 21, 1911, and amounting to $3625, together with interest thereon at 6 per cent. from the date of the payment of the dividends, to October 21, 1916, aggregating $1029.28, against all of the defendants except defendant Diesing, but that judgment should go against the latter for only the amount of dividends paid prior to February 27, 1913, when he ceased to be a director, the amount of such dividends, for payment of which Diesing is liable, being $2625, and interest thereon from date, that is from October 21, 1916, amounting to $832.69. The referee therefore recommended a joint and several judgment, of date October 21, 1916, against all the defendants, except

Diesing, in the sum of $4654.28, and as against Diesing in the sum of $3457.69.

On the filing of the report and the accompanying transcript of the testimony taken before the referee, exceptions were filed by both parties, all of which were overruled.

The court, on May 7, 1917, entered a judgment for $3543.44, against all the defendants served and appearing, with an additional amount of $1229.25 against all of them except the defendant Diesing. The defendants Roach, Hahn, Grafeman and Diesing filed motions for new trial and in arrest, both of which were overruled, and all of these defendants prayed and were granted an appeal, with leave to file a bill of exceptions within a time named. Subsequently to that and before the filing of the bill of exceptions Grafeman died, but his death was not suggested in the circuit court nor any revivor had against his representatives, and the bill of exceptions was filed on behalf of Roach, Hahn, and Diesing alone. The defendant Nobbs filed neither motions for new trial, in arrest, nor bill of exceptions, and took no appeal. Subsequently the death of William Grafeman was suggested in our court, and his administrator, Charles Teutenberg, waived issue of citation and entered his appearance, the cause being revived as against Grafeman. When we refer to appellants in the case we refer to Roach, Hahn, Diesing and Teutenberg, the latter as the administrator of Grafeman.

In the brief filed on behalf of appellants Hahn, Roach & Diesing, counsel make seven assignments of error, counsel for Teutenberg making four as applicable to his case. The assignments made by counsel for Hahn, Roach and Diesing are: First, to the action of the court in sustaining the finding and holding of the referee, that waiver and estoppel did not apply; second, sustaining the recommendations of the referees; third, in overruling defendants exceptions to the referee's report; fourth, in holding waiver and estoppel did not apply to defendant Diesing; fifth and sixth, in over-

ruling the motions for new trial and in arrest; and, seventh, that the finding and judgment as to the defendant Diesing is excessive.

The assignments by counsel for Grafeman's administrator, as applicable to this case, are: First, that no cause of action exists in favor of the corporation against directors for the payment of dividends out of capital stock; second, that no cause of action exists in favor of creditors against directors for the negligent payment of dividends out of capital stock, and that this is especially true as to subsequent creditors; third, that to subject directors to the statutory liability, actual knowledge that dividends are paid out of capital must be shown as an ultimate fact, and that it is not sufficient that they might, by the exercise of diligence have ascertained the facts, and, finally, that interest is not allowable as part of damage in actions *ex delicto*, and to be recoverable must be prayed for, it being argued that in the case at bar interest had not been prayed from any specific date and could be allowed, if at all, only from the date of the institution of the suit.

Before taking up any of the assignments of error, it is as well to say that it appears that the plea of the five-year Statute of Limitations was sustained by the referee as to all dividends paid prior to the five years preceding the commencement of the action and they were eliminated and no appeal taken by plaintiff as to this.

It is further to be observed that objection was made to the admissibility in evidence of the books of the corporation in this action, brought by the receiver of the corporation against the directors for dividends alleged to have been improperly paid. The defendants insisted that while these books are admissible against the corporation, they are not admissible in favor of the corporation or its receiver as agaist the directors. The testimony in regard to these books was received subject to the objection. Learned counsel for appellants claim that the referee committed error in not passing *instanter* and definitely on the objections. A careful examination of the

record fails to show that any such insistence was made before the referee. Learned counsel for appellant cite in support of their proposition Foege v. Woestendiek, 201 Mo. App. 382, 212 S. W. 411. What is said in that decision does not help appellants in any way as to this point. In that case we held that all the testimony in the case being before us, it was immaterial as to what ruling the referee or, for that matter, the trial court, had made about its admission, as we have all the testimony before us, and can examine and pass upon it ourselves. In the case at bar the referee specifically noticing this objection to the inadmissibility of the books and records in evidence and testimony in regard thereto, without discussing that question or quoting other authorities, reports that all objections on that theory were overruled, citing in support of this Lederer v. Morrow, 132 Mo. App. 438, 111 S. W. 902, and cases therein cited.

We agree with the conclusion of the referee on this.

On the question of estoppel raised by the defendants, the referee reports that he "finds himself unable to see the force of defendants' contention." To quote from the report of the referee,

"In their answer they allege that the assets turned over by the corporation to the trustee for creditors exceeded the then liabilities and therefore that said assets should have been used to meet such liabilities, and, since this was not done, that the receiver here, as successor of such trustee, should be estopped from recourse against defendants. But, as stated in the finding of facts, the evidence failed to sustain this position, and defendants thereupon shifted their position and now contend that irrespective of the value of the assets as compared to the liabilities, still the doctrine of estoppel should apply. But the trusteeship was first proposed by the corporation itself, and its attorney was sent to Philadelphia to present the matter to creditors. The transfer was made by the board of directors, and there is not a word of testimony to show that any of the defendants ever demanded immediate liquidation nor objected in any manner to the

conduct of either trustee, nor is there any evidence to show that the affairs of the company could have been liquidated to better advantage at the time of the transfer for benefit of creditors than they were a year or so later by the plaintiff herein. Creditors would be placed in a decidedly unfortunate position if, when a debtor is willing to transfer its assets to a trustee for their benefit, they, by permitting such transfer lose all right to protect themselves otherwise, and limit themselves absolutely to the assets so transferred. This contention is not logical and is resolved against the defendants.''

In this view of the referee we concur. An examination of the testimony in the case bears out the recital of facts and the conclusion in regard to them, and we hold that this assignment of error, based on estoppel, as well as the separate assignment of like import, made on behalf of Diesing, is untenable.

The second and third assignments going to the alleged error of the court in sustaining the recommendation of the referee and in overruling the exceptions to the report, are not tenable. We have carefully gone over the record of the hearing before the referee and find no error in the admission and exclusion of testimony by him materially affecting the merits of the case, nor as to his recommendation that judgment should go against the defendant. Nor did the court commit error in overruling the exceptions to the report. We think that the conclusion reached by the referee and the subsequent action of the court in approving it, are fully sustained by the testimony in the case. It would be of no service here or in other litigation to attempt to set out the testimony in detail, and it is sufficient to say of it, that it sustains the allegations of the petition in the case so far as the financial condition of the corporation and the acts of these defendants are concerned, and the payment of the dividends. Not only was the company not in a financial condition to pay dividends when it did, but it is clear that the payments were made, not out of any surplus, but really and in fact out of the capital, and the effect was to impair the

capital stock of the company and divert from its assets funds that should have gone to the payment of its creditors. The exceptions of defendants were properly overruled.

While this point is not made in the assignment of errors before us, it is as well to say that the plea of the defendants, that at the time of bringing this suit against them as directors, there were pending in that court separate actions against each of them severally, seeking the return by them of so much of the dividends as they had received as stockholders. It may be said, as observed by the referee, that while defendants complain of the disallowance of this defense, they withdrew their motions in the nature of pleas in abatement and filed answers. We agree with the referee in his conclusion on this point, namely:

"There is no reason why this action should be abated because of the others referred to, as they are brought on an entirely different theory; in fact, are different causes of action. It is true that if plaintiff collected the full amount from one director he could not collect further from any other. But it is equally true that such paying director would then have a right of contribution against his co-defendants. [Cook on Corporations (2 Ed.), sec. 549.]"

We may add that this is not an action against these defendants as stockholders, but an action against them as directors for diverting funds of the company and turning them over to all of its stockholders, when the company was not in condition to make such payments without impairment of its capital and was insolvent at the time the payments were made; that as a body and individually they are responsible to creditors, or the corporation, or the receiver. What part of this fund each of the directors received as an individual stockholder, is another matter.

We are unable to find that the judgment against the defendant Diesing is excessive, as claimed in the seventh assignment. The referee very properly refrained from

charging him with dividends which had been declared when he was not a director and declared without his authorization or consent. No protest appears to have been made by Diesing at any time to the declaration and payment of so-called dividends declared during his term of office, which, if made, might have exonerated him.

There was no reversible error in the action of the trial court in overruling the motions for new trial. The finding of the referee is amply supported by the testimony in the case.

Nor was there any error in overruling defendants' motion in arrest. The petition stated a good cause of action. Certainly after the finding of the referee, which, in effect, is a special verdict, and the judgment of the trial court, that petition states a good cause of action.

These cover all the assignments of error made by learned counsel for the appellants Hahn, Roach and Diesing.

Taking up the assignments made by counsel for Grafeman's administrator, most of them are covered by what we have said above.

Referring to them specially, we will add that the proposition, to the effect that no cause of action exists in favor of corporations or its creditors against directors for the payment of dividends out of capital stock, is not maintainable. If we are to be controlled exclusively by sections 3002 and 3348, Revised Statutes 1909, the liability is fixed on directors who knowingly pay dividends when the corporation is insolvent, equally in favor of the corporation and its creditors.

It is settled that a receiver of an insolvent corporation may sue directors to recover dividends unlawfully paid. [2 Thompson on Corporations (2 Ed.), sec. 1347.]

In support of the first proposition counsel cite Kritzer v. Woodson, 19 Mo. 327, l. c. 329. That in no manner meets this proposition. Under the second point they cite Union National Bank et al. v. Hill et al., 148 Mo. 380, 49 S. W. 1012; Utley v. Hill, 155 Mo. 232, 55 S. W. 1091; Stone v. Rottman, 183 Mo. 552, 83 S. W. 76; Lyons

v. Corder, 263 Mo. 539, 162 S .W. 606, and others of like
tenor. These are cases where it was sought to charge
the directors of banks for negligent loss or wasting of
its assets, loss generally occurring from the fraudulent
act of an officer, such as a cashier. That is not this
case. Nor does the decision in Fusz v. Spaunhorst, 67
Mo. 256, apply here. Our statute expressly provides
that any director who "shall knowingly declare and pay
any dividend" while the corporation is insolvent shall
be liable for the amount of the dividend. That is what
is charged here and that is what was proved, either
affirmatively, that is, the directors knew the company
was not in condition to pay the dividends out of any
surplus, or from the circumstances present knowledge
must be imputed to them. This is enough to fix their
liability.

Referring to what is now section 3348 (and the like
remarks apply to section 3002), it is said by our Su-
preme Court in Shields v. Hobart et al., 182 Mo. 491, l.
c. 517, 72 S. W. 669:

"Independently of this statute, which gives credi-
tors an additional security against directors, it is a fun-
damental rule that dividends can be paid only out of
profits or the net increase of the capital of a corpora-
tion and can not be drawn upon the capital contributed
by the shareholders for the purpose of carrying on the
company's business.

"Neither the directors of a corporation, nor even
the majority of the stockholders, have any authority to
diminish the prescribed capital of the corporation by
distributing a portion of it among the shareholders in
the shape of dividends, for this would be a fraud upon
creditors contracting with it on the faith of its capital
stock.

\*    \*    \*    \*    \*

"Dividends can only be properly declared from the
profits over and above the capital stock and the debts of
the company."

It is further argued that the proposition made by
counsel as to the non-liability of the directors to the

creditors is applicable only to subsequent creditors. While our Supreme Court, in Coleman v. Hagey, 252 Mo. 102, 158 S. W. 829, seems to so hold a later decision of that court in Coleman v. Booth, 268 Mo. 64, 186 S. W. 1021, disposes of the contention the other way. [See also, 2 Thompson on Corporations (2 Ed.), sec. 1369.]

Sections 3902 and 3348 of our statutes make like provision. The act of directors in ordering dividends to be paid, is an entirely different one from the supervision of the directors over the officers of the corporation or their duty of inquiry into the ordinary run of business of the corporation. It is not a mere negligent act and the reasoning in the cases relied on by learned counsel for the appellant Grafeman's administrator, does not apply.

It is argued that as the corporation and stockholders assented to the payment of these dividends, plaintiff cannot complain. But he, as receiver, represents as well the creditors as the stockholders and corporation, and as representing creditors he surely can recover.

But it is argued that interest is not allowable because it does not appear that any demand was made for the repayment of the dividends at the time they were made and that the demand for interest in the petition can only relate to the time of the filing of the petition; furthermore that this being an action *ex delicto,* interest is not recoverable.

As to the demand not having been made when the dividends were declared, it is to be noted that the persons who could then have made a demand and who represented the corporation were these same directors who had declared the dividends. Creditors who were then advised of the fact of the declaration of the dividend might have made it, but there is no proof that they were then advised of the fact. Even if this action is *ex delicto* these directors were trustees not only for the corporation but for its creditors. The corporation and its

creditors were entitled to have the money at the time it was diverted by the wrongful act of the directors in declaring and paying dividends when the corporation was insolvent. We hold that under the facts in this case interest was properly chargeable.

Our conclusion upon the whole case is that the judgment of the circuit court is for the right party, that no reversible errors were committed, and that that judgment should be affirmed.

*Allen, J.,* concurs. *Becker, J.,* not sitting.