BELMONT, et al, Appellants, v. GENTRY, et al, Respondents.

(252 N. W. 1.)

(File No. 7604. Opinion filed December 29, 1933.)

*H. F. Fellows,* of Rapid City, for Appellants.

*Denu & Philip* and *George E. Flavin,* all of Rapid City, for Respondents.

RUDOLPH, P. J. The plaintiffs have appealed from an order sustaining a demurrer to the complaint on the grounds that the

complaint did not state facts sufficient to constitute a cause of action. The complaint alleges that the Hill City Bank, being insolvent on July 18, 1932, suspended business and was taken in charge by the superintendent of banks; that thereafter, pursuant to the provisions of chapter 90, Laws of 1931, an order was made by the circuit court of Pennington county removing the liquidation of the bank from the control of the superintendent of banks, and placing the liquidation thereof under the direct control of the depositors of such bank; that the plaintiffs are the trustees named by the depositors and unsecured creditors of the bank to proceed with the liquidation of its assets; that the defendants are directors of the bank, and have been since before January 1, 1929; that at no time since before January 1, 1929, did the bank have any net profits properly applicable to the payment of any dividends which would not impair or diminish its capital; notwithstanding such fact the defendant directors of said bank willfully, negligently, and without any good reason to believe that there were any net profits properly applicable to the payment of dividends without impairing and diminishing its capital did during the years 1929, 1930, and 1931 vote, declare, and cause to be paid to the stockholders of such bank dividends in the sum of $7,000; that the payment of such dividends impaired and diminished the capital of such bank in the amount of $7,000 which has never been restored. The plaintiffs asked for judgment in double the amount of the dividends declared, or the sum of $14,000.

This is an action against certain directors of the bank to enforce a statutory liability. Counsel for appellants who drafted this complaint states in his brief that this is an action "based upon the statutory liability in such instances as prescribed by the 1919 Revised Code, Section 8989." Treating it as such an action, has a cause of action been stated? The action being statutory, we must look to the statute. Section 8989, R. C. 1919, is as follows: "No dividends shall be paid to any stockholder of a bank except out of the net profits properly applicable thereto, and which shall not in any way impair or diminish the capital; and if any such shall be paid, every stockholder receiving the same shall be liable to restore the full amount thereof unless the capital be subsequently made good; and if the directors of any bank shall pay a dividend when it is insolvent or in danger of insolvency, or when they do not have

good reason to believe that there are sufficient net profits properly applicable thereto, without impairing or diminishing the capital, they shall be jointly and severally liable to the creditors of the corporation at the time of declaring such dividends, in double the amount thereof."

The statute provides that the directors "shall be jointly and severally liable to the creditors of the corporation at the time of declaring such dividends, in double the amount thereof." In Thompson on Corporations (3d Ed.) § 1484, speaking with reference to statutes similar to our section 8989, the author says: "Under these statutes almost without exception the liability imposed is to the creditor; sometimes to the corporation and creditor, and in some cases, to the corporation or stockholder. Under all such statutes it is a self-evident proposition that the party in whose favor such liability is imposed has the right of action to enforce it. * * * Whether a receiver can maintain an action must depend, in the main, upon the terms of the particular statute. If the statute makes the penalty a debt due to the corporation, for a breach of duty on the part of the directors toward the corporation, then it is clear that the receiver who succeeds to the right of the corporation, can maintain the action. The real test, as to his right to sue, would probably depend upon the question whether the penalty is made by the statute a part of the assets, which it is the duty of the receiver to collect and distribute ratably among all the creditors; or whether the penalty is made a debt due from the directors jointly or severally to any creditor of the corporation. * * *"

In the case of Seegmiller v. Day, 249 F. 177, 179, the Circuit Court of Appeals, Seventh Circuit, in construing an Illinois statute which provided that, if the directors should declare and pay any dividend while the corporation was insolvent, they "shall be jointly and severally liable for all the debts of such corporation then existing," held that a trustee of a bankrupt corporation could not enforce a liability created under the statute, because the liability is personal to the creditors. The Illinois court in the case of Ryerson & Son v. Peden, 303 Ill. 171, 135 N. E. 423, 24 A. L. R. 1273, in commenting upon the construction placed upon the statute by the federal court in the Seegmiller Case, supra, said the construction there given is "the fair one," and fully approved that case. See, also, Hilliard v. Lyman (C. C.) 138 F. 469, and In re Beachy

& Co. (D. C.) 170 F. 825, 828. In this last-cited case the court speaking with reference to statutes similar to ours said, "It seems clear, therefore, that this statutory cause of action belongs exclusively to the creditors." The cases we have observed holding that the receiver of an insolvent corporation may maintain the action, are under statutes which make the directors liable to the corporation. See Stoltz v. Scott, 23 Idaho, 104, 129 P. 340; Hodde v. Nobbe, 204 Mo. App. 109, 221 S. W. 130; Jesson v. Noyes (C. C. A.) 245 F. 46.

We think it clear that that portion of the statute which provides that the directors "shall be jointly and severally liable to the creditors of the corporation at the time of declaring such dividends in double the amount thereof" creates a liability in favor of the creditors of the corporation as distinguished from the corporation itself. The liability thus created does not become an asset of the insolvent bank. Under the provisions of chapter 90, Laws of 1931, by virtue of which these plaintiffs are acting, their only authority is to liquidate the assets of the insolvent bank. It follows, therefore, that no cause of action against these defendants as directors of the Hill City Bank has been stated in favor of these plaintiffs. We deem it advisable to here state that the superintendent of banks derives his authority to collect the double liability of stockholders of an insolvent bank by virtue of section 8937, R. C. 1919. This court has held that the stockholder's double liability is direct and primary to the creditors, and being a liability created by the Constitution it cannot be diminished by legislative action. Smith v. Olson, 50 S. D. 81, 208 N. W. 585; Bush v. Lien, 57 S. D. 501, 234 N. W. 29; Sneve v. Hagen, 61 S. D. 556, 250 N. W. 27. However, the court has never been called upon to decide whether the superintendent of banks after collecting this double liability from the stockholders holds the amount thus collected as an asset of the insolvent bank, or as a fund which belongs to the creditors of the bank. It should also be here pointed out that the liability of directors for excessive loans becomes an asset of the bank by virtue of the provisions of section 8990; also the liability created under the provisions of section 8789, is, by express terms thereof, made a liability to the corporation.

It is also the position of appellant that the liability imposed upon the directors by virtue of the said section 8989 inures to the

benefit of creditors arising subsequently to the time the dividends were declared and paid. The appellant, in other words, asks this court to, by interpretation, read out of the statute the words "at the time of declaring such dividends." The statute is plain. To interpret out of the statute the words above quoted, in our opinion, would be nothing less than judicial legislation. We do not believe any extended discussion is necessary. The statutory liability inures to the benefit of the "creditors of the corporation at the time of declaring such dividends." Certainly it would be hard to conceive language that would express the intent of the Legislature more clearly. We are satisfied that only those creditors existing at the time the dividends were declared are entitled to the benefits of this last portion of section 8989.

The appellants further contend that, if they are not entitled to double recovery under the provisions of section 8989, the complaint is sufficient to state a cause of action for a single recovery under the provisions of section 8789. Section 8789, in our opinion, does not have any reference to banking corporations. The liability of directors of banking corporations for the unlawful payment of dividends is covered by the provisions of section 8989.

Obviously, there has been no attempt in this complaint to state a cause of action against the defendants as stockholders under the first portion of said section 8989, which makes the stockholders receiving the payment of an unlawful dividend "liable to restore the full amount thereof unless the capital be subsequently made good." Whether these plaintiffs can state a cause of action against the stockholders of this bank for unlawfully receiving dividends under the first portion of said section 8989, we need not now decide. Sufficient to say is that this decision is without prejudice to their right to bring such an action if they so elect, and, of course, this decision is without prejudice to creditors of the corporation existing at the time of declaring the alleged unlawful dividends bringing an action against the directors under the last portion of said section 8989.

From the foregoing it follows that the order of the trial court is affirmed.

All the Judges concur.