EUGENE ALPER CONSTRUCTION COMPANY, INC., Appellant,

v.

JOE GARAVELLI'S OF WEST PORT, INC., Bernard H. Tureen, and Ann Rose, Respondents.

No. 46425.

Missouri Court of Appeals, Eastern District, Division Three.

July 26, 1983.

Joseph F. Devereux, Jr., St. Louis, for appellant.

Gary A. Growe, Clayton, for respondents.

REINHARD, Judge.

Plaintiff appeals from the trial court's order granting defendants' motion for summary judgment. We affirm in part and reverse and remand in part.

Plaintiff initially filed suit against Bernard Tureen and Joe Garavelli's of West Port, Inc. (hereinafter Garavelli's) in February, 1979. In its amended petition, plaintiff alleged that at the request of defendants,

between October, 1976 and March, 1977, plaintiff acted as a general contractor for the construction and erection of a restaurant in Maplewood, Missouri. Plaintiff further alleged that defendants failed and refused to pay for materials and the reasonable value of its services, the sum of $10,-000.00. After a trial to a jury, a judgment in the amount of $10,000.00 was entered against Garavelli's in favor of plaintiff. A judgment in favor of Bernard Tureen was entered against plaintiff. No appeal was taken and the judgment became final.

After entry of judgment, plaintiff learned that before the filing of its amended petition, the assets of Garavelli's were sold at auction and the proceeds of $71,-000.00 were transferred to the personal bank account of Bernard Tureen leaving Garavelli's judgment-proof.

Plaintiff thereupon filed a second action, naming Bernard Tureen, Garavelli's and Ann Rose as defendants. In Count I, plaintiff alleged that Garavelli's was an inactive corporation, that Bernard Tureen was the president and the sole shareholder of Garavelli's, and that Bernard Tureen and Ann Rose constituted the corporation's Board of Directors.

Plaintiff further alleged:

That defendant Bernard H. Tureen as sole owner of defendant Joe Garavelli's of West Port, Inc. had actual and legal control of said Joe Garavelli's of West Port, Inc. at all times material herein; that Bernard H. Tureen used [Garavelli's] as his vehicle to construct and erect a restaurant ... to further his business of operating various restaurants; that defendant Bernard H. Tureen commingled the assets of [Garavelli's] with his personal funds.

That defendant Bernard H. Tureen inadequately capitalized the corporate defendant [Garavelli's] and caused the assets of [Garavelli's] to be dissipated and wrongfully paid to said defendant Bernard H. Tureen without paying the claim of plaintiff and other creditors thus intentionally defrauding plaintiff.

That Bernard H. Tureen is the alter ego ... of defendant [Garavelli's].

Plaintiff prayed for damages of $10,000.00.

In Count II, plaintiff alleged that Bernard Tureen and Ann Rose fraudulently declared and paid a dividend in March, 1979 without making provision for the payment of the debts of Garavelli's as required by § 351.345, RSMo.1978. This statute states that:

[T]he directors of a corporation who shall knowingly declare and pay any dividend except as permitted by ... the provisions of sections 351.210 and 351.220 [1] ... shall be jointly and severally liable for all the debts of the corporation then existing ... provided, that the amount for which they shall be liable shall not exceed the amount of such dividend ....

Plaintiff requested $10,000.00 in damages.

In Count III, plaintiff alleged that "defendant Bernard H. Tureen fraudulently induced plaintiff to provide various goods and services to defendants by making material, false representations" as to the solvency of the corporation and its willingness to pay for goods and services in the construction of a restaurant. Plaintiff requested damages in the amount of $10,000.00. In Count IV, plaintiff requested punitive damages from defendants for the actions alleged in Counts I, II and III.

Defendants filed a joint motion for summary judgment on the basis of res judicata in which they asserted:

Plaintiff attempts by bringing this action, to relitigate those issues which were previously litigated in the Circuit Court of the County of St. Louis, and further attempts to split its claim into several actions when the theories plead [sic] seek a recovery for the same debt. There is but one cause of action for plaintiff's general contracting fee and all matters

1. Sections 351.210 and 351.220, RSMo.1978, provide that dividends or paid-in surplus may not be paid or distributed at a time when the assets of the corporation are less than its stated capital or when the payment or distribution would reduce the net assets of the corporation below its stated capital.

which plaintiff raises in this action could and should have been raised in plaintiff's prior action against [defendants]. . . .

The trial court sustained defendants' motion for summary judgment.

■ In ruling on a motion for summary judgment, the trial court and the appellate court must scrutinize the summary judgment evidentiary record in the light most favorable to the parties against whom the motion was filed and the judgment was rendered, and to accord to such parties the benefit of every doubt. *Edwards v. Heidelbaugh,* 574 S.W.2d 25 (Mo.App.1978); *Samvester Brown v. Upjohn Co.,* 655 S.W.2d 758 (Mo.App.E.D.1983). Summary judgment is proper only when the court determines from that record that there are no material issues of fact and that the movants are entitled to a judgment as a matter of law. *Gunning v. State Farm Mutual Automobile Ins. Co.,* 598 S.W.2d 479 (Mo.App.1980).

■ Plaintiff's second petition is not a model pleading. Count I is especially difficult of characterization. However, we have concluded plaintiff has attempted to pierce the corporate veil. Ordinarily, a corporation is regarded as a separate entity, distinct from the members who compose it. Such entity, though, will be disregarded when it appears the corporation is controlled and influenced by one or a few persons and in addition, that the corporate cloak is utilized as a subterfuge to defeat public convenience, to justify wrong, or to perpetrate fraud. *Sampson Distributing Co. v. Cherry,* 346 Mo. 885, 143 S.W.2d 307 (1940). Plaintiff has essentially alleged that by virtue of fraudulent acts committed by defendant Tureen both before and after the plaintiff rendered its general contracting services to Garavelli's, the corporate existence of Garavelli's should be ignored.

■ Count II is, in essence, a tort action against Bernard Tureen and Ann Rose as directors of the corporation for breaching their fiduciary duty by unlawfully paying a dividend, as proscribed in § 351.345, RSMo. 1978. *See Hodde v. Nobbe,* 204 Mo.App. 109, 221 S.W. 130, 133 (1920); *Shields v. Hobart,* 172 Mo. 491, 72 S.W. 669 (1903). This statute makes the board of directors as a body jointly and individually liable for payments made that should have gone to the payment of creditors. *Nobbe,* 221 S.W. at 133.

Count III pleads fraudulent misrepresentation against defendants for inducing plaintiff to provide goods and services. *See Brennaman v. Andes & Roberts Brothers Construction Co.,* 506 S.W.2d 462 (Mo.App. 1973).

■ It is apparent that Counts I and II are distinctively different from Count III. Counts I and II depend essentially on acts and events committed after plaintiff's general contracting services were performed, while Count III, in its entirety, depends upon acts committed at the time plaintiff's services were engaged. The resolution of this case involves two closely related legal principles: splitting a cause of action and res judicata. They are closely related because they both involve the policy of the law in preventing multiplicity of suits. *Dunn v. Pickard,* 284 S.W.2d 6, 9–10 (Mo. App.1955).

■ A cause of action which is single may not be split and filed or tried piecemeal, the penalty for which is that an adjudication on the first suit is a bar to a second suit. The application of this principle depends on the facts and circumstances in each case. *Stoops v. Stoops,* 363 Mo. 1075, 256 S.W.2d 799, 801 (1953). In general, the test for determining whether a cause of action is single and cannot be split is: (1) whether separate actions brought arise out of the same act, contract or transaction, (2) or whether the parties, subject matter and evidence necessary to sustain the claim are the same in both actions. *Grue v. Hensley,* 357 Mo. 592, 210 S.W.2d 7, 10 (1948).

■ The evidentiary part of this test has no application here. However, applying the first part of this test, we conclude that the original action against the corporation and Tureen for the value of goods provided and services rendered bars Count III of the

second suit for fraudulently inducing plaintiff to provide those goods and services. These actions constitute but a single action which cannot be split because they both arise out of the identical transaction. Counts I and II, though, depend significantly upon acts and transactions which defendants Tureen and Rose committed at a later time. Consequently, these two counts are independent of the first action and may be sued on separately. *MFA v. Hill,* 320 S.W.2d 559 (Mo.1959).

Traditionally, res judicata (claim preclusion) precludes the same parties or their privities from relitigating the same cause of action whereas collateral estoppel (issue preclusion) precludes the same parties or those in privity from relitigating issues which have been previously litigated.[2] *American Polled Hereford Association v. City of Kansas City,* 626 S.W.2d 237, 241 (Mo.1982); *Oates v. Safeco Insurance Co. of America,* 583 S.W.2d 713 (Mo.banc 1979). Our courts also refer to issue preclusion as estoppel by verdict. *Peoples-Home Life Insurance Co. v. Haake,* 604 S.W.2d 1, 7 (Mo. App.1980).

In support of their contention that the trial court properly dismissed plaintiff's petition on the grounds of res judicata, defendants cite § 19 Restatement Second of Judgments, which states "[a] valid and final personal judgment rendered in favor of defendant bars another action by the plaintiff on the same claim." Defendant argues that because plaintiff's claim against defendant for general contracting services has already been ruled upon, plaintiff may not maintain this action which seeks to recover on the same claim.

Section 19 does not state the law as it exists in Missouri. Missouri courts hold that four concurring elements must be found to support res judicata (claim preclusion). These are: (a) the identity of the thing sued for; (b) the identity of the cause of action;[3] (c) the identity of the person or parties to the cause of action, and (d) the identity of the quality of the person for or against whom a claim is made. *Prentzler v. Schneider,* 411 S.W.2d 135, 138 (Mo.banc 1966); *State ex rel. Dalton ex rel. Stonum v. Reorganized Dist. No. 11,* 307 S.W.2d 501 (Mo.1957); *Peoples-Home Life Insurance Co. v. Haake,* 604 S.W.2d 1, 7 (Mo.App. 1980).

Res judicata is not applicable as to the proceedings involving Bernard Tureen because there is no identity of the cause of action or identity of the quality of the person against whom the claim is made. The first suit was an action in quantum meruit against Tureen as an individual. Counts I and II of the second suit involve intentional tort claims against Tureen as an individual and also in his capacity as a director and shareholder of the corporation. *See Abeles v. Wurdack,* 285 S.W.2d 544 (Mo.1955); *Compare with State ex rel. Hamilton v. Dalton,* 652 S.W.2d 237 (Mo. App.1983).

Ann Rose was not even a party to the first proceeding. Thus, res judicata is not applicable as to her. *See Griffith v. Hammer,* 595 S.W.2d 292, 294 (Mo.App.1979).

Defendants do not apparently rely on collateral estoppel to support the trial court's action and for good reason. It operates to prevent a party from relitigating facts or questions in issue between the same parties which have been adjudicated

---

2. Of course, res judicata is not a defense to an action on the judgment. If the judgment had been pleaded in the petition, Count II could be readily treated as an action on the judgment. In addition, plaintiff's remedies included an action against Tureen for fraudulent conveyance and a creditor's bill. *Tockman v. Shower Doors, Inc.,* 568 S.W.2d 74 (Mo.App.1978). With a creditor's bill, a creditor seeks to enforce the payment of debts out of equitable assets which cannot be reached by a levy and sale on an execution and judgment. *General*

*Grocer v. Ahlemeier,* 627 S.W.2d 61, 64 (Mo. App.1981); *Publicity Building Realty Corporation v. Thomann,* 353 Mo. 493, 183 S.W.2d 69, 72 (1944); *State ex rel. Auchincloss, Parker & Redpath, Inc. v. Harris,* 349 Mo. 190, 159 S.W.2d 799 (1942).

3. One court has held the causes of action must be the "same or substantially the same." *Kimpton v. Spellman,* 351 Mo. 674, 173 S.W.2d 886, 891 (1943).

upon the merits. The only evidence of the issues in the first suit are plaintiff's petition, amended petition and the jury verdict. *Stadium Bank v. Milton,* 589 S.W.2d 338 (Mo.App.1979). Neither the petition, nor the first amended petition allege fraud on the part of Tureen or Rose. Whether these defendants committed acts of fraud was not an issue in the first proceeding. Consequently, collateral estoppel is not a bar to plaintiff's action.

Judgment affirmed in part, reversed and remanded in part with directions that the trial court proceed not inconsistent with this opinion.

CRANDALL, P.J., and CRIST, J., concur.