Gatha **HOSTLER** (Plaintiff) **Appellant,**

v.

**HOLLAND FURNACE COMPANY, a corporation** (Defendant) **Respondent.**

No. 30268.

St. Louis Court of Appeals.

Missouri.

Sept. 15, 1959.

George A. Murray, Cape Girardeau, for appellant.

Jackson & Thomasson, Jackson, for respondent.

WOLFE, Presiding Judge.

■ Gatha Hostler filed a petition in equity to rescind and cancel a contract into which she had entered with the defendant corporation. A motion to dismiss the petition was filed by the Holland Furnace Company, the defendant, on the ground that the petition failed to allege any facts upon which equitable relief could be granted, and because the facts alleged showed that the plaintiff had an adequate remedy at law. The court sustained the motion and the plaintiff prosecutes this appeal. The petition is as follows:

"Comes now Plaintiff and for her petition says:

"1. That Plaintiff is a resident of Cape Girardeau County, Missouri and Defendant is a corporation duly organized and existing as such in the State of Michigan, and doing business in the State of Missouri.

"2. That on or about May 1, 1955, Defendant by and through its agent, Herbert Matthews, offered to sell to Plaintiff, one Holland furnace, Model G–400–2.

"3. That to induce Plaintiff to purchase said furnace, Defendant, by its agent, Herbert Matthews, falsely and fraudulently represented to Plaintiff that said furnace was of great value and worth approximately $3787.80.

"4. That in truth and in fact the representations so made by Defendant through its agents were each and all false and fraudulent; that the furnace was worth approximately $800.00 installed as Defendant and its agents well knew, that representations were made for the purpose of defrauding Plaintiff out of her money.

"5. That Plaintiff is aged, infirm, and mentally impaired by reason of a recent brain operation and is wholly unfamiliar with matters pertaining to values of such equipment; that relying on said false and fraudulent representations, which were material and believing same to be true, Plaintiff accepted Defendant's offer and in consideration for delivery of said furnace paid to Defendant through its agent or agents the sum of $3787.80.

"6. That Plaintiff did not discover the falsity of said representations until on or about December 10, 1957 at which time or soon thereafter, Plaintiff demanded that Defendant refund and make an adjustment of the transaction, but Defendant refused.

"7. That Plaintiff still has said property so transferred to her by Defendant and has offered to return said property or its value, but Defendant has refused to accept same; that Plaintiff is ready and willing to

deliver said furnace or its value to Defendant, as the Court shall direct.

"Wherefore, Plaintiff prays:

"(1) That the Court order that the above described contract be rescinded and cancelled.

"(2) That Plaintiff have judgment in the sum of $2987.80 as the difference in the actual value of the furnace aforementioned, and the purchase price paid by Plaintiff, and interest thereon from June 1955 at the rate of 6 percent per annum.

"(3) For her costs of suit.

"(4) For such other and further relief as to the Court may seem meet in the premises."

The defendant filed the following motion to dismiss:

Defendant moves the Court that it make and enter its order dismissing plaintiff's petition herein for the following reasons:

"1. That said petition fails to state facts upon which relief can be granted.

"2. That said petition, on its face, wholly fails to allege any facts from which this court could acquire jurisdiction over the subject matter of this suit.

"3. Because plaintiff's petition, upon its face, shows that plaintiff is seeking to recover damages for alleged fraud in the sale to and purchase by her on May 1, 1955 of a furnace from defendant, which is yet in her possession, and said petition clearly shows that she has an adequate remedy at law for said damages against this defendant, if any she is entitled to, there being no equity in her said petition."

Thereafter the motion was argued and submitted to the court, whereupon the court sustained the motion and dismissed plaintiff's petition. As stated it is from the order dismissing her petition that the plaintiff appeals.

The appellant contends that because her petition sounds in fraud, she has alleged facts that constitute an equitable action. The respondent maintains that the petition alleges facts which show that the defendant has an adequate remedy at law, and that the petition consequently states no ground for equitable relief. Neither of these contentions has application to the petition under consideration. There can be no doubt that the petition alleges fraud and deceit in the procurement of the contract. Under this state of facts, the plaintiff has two remedies. She may stand upon the contract and sue for damages growing out of the fraud practised upon her in the procurement of the contract, or she may elect to rescind the contract and sue to have the same cancelled. The first of these remedies is a tort action at law. The second is an action in equity. Ryan v. Miller, 236 Mo. 496, loc. cit. 508, 139 S.W. 128; Denny v. Guyton, 327 Mo. 1030, 40 S.W.2d, 562, loc. cit. 591; Johnson v. Bray, Mo., 31 S.W.2d 998; Dowd v. Lake Sites, Inc., 365 Mo. 83, 276 S.W.2d 108, loc. cit. 112.

The petition seeks a cancellation of the contract on the ground of fraud. Under the above cited cases this is an equitable action, and the court therefore erred in dismissing the petition. The order dismissing the petition is reversed and the cause remanded.

ANDERSON and RUDDY, JJ., concur.