**Lillian I. RANDALL, Plaintiff-Appellant,**

v.

**ST. ALBANS FARMS, INC., et al.,**
**Defendants-Respondents.**

No. 48116.

Supreme Court of Missouri,
Division No. 1.
April 10, 1961.

J. Marvin Krause, St. Louis, for appellant.

Thompson, Mitchell, Douglas & Neill, Edmonstone F. Thompson, St. Louis, Jenny & Cole, Frank W. Jenny, Union, for respondents.

DALTON, Judge.

Action to quiet title and in ejectment for described real estate in Franklin County. The trial court sustained defendants' motions to dismiss and dismissed plaintiff's petition. Plaintiff has appealed.

The petition contained two counts. The first four subdivisions of the first count were reincorporated by reference in the second count. These subdivisions stated that the cause involved title to real estate in Franklin County; and that the action "was originally instituted in this county" (no date stated) against Irene W. Johnson (who had since died on January 18, 1954) "and certain other named defendants." The names and legal capacities and relationship of the several defendants in the present action were then set out and certain transfers of interest between the parties were stated.

Except insofar as these subdivisions designated the defendants, the allegations are immaterial to the issues here presented.

The count in quiet title further alleged that "plaintiff is the owner in fee simple and claims title to the following real estate * * * in Franklin County and State of Missouri." The particular description is then set out and the acreage stated as follows: "* * * containing 202.88 acres more or less, with all accretions to same formed since 1930, if any." It was then alleged that "the deceased defendant Irene Johnson claimed and defendants herein claim some title, estate or interest to or in said premises, the nature and character of which claim is unknown to plaintiff and cannot be described herein, except that said claim is adverse and prejudicial to plaintiff." The count concluded with a prayer for an order of publication for unknown heirs of Irene W. Johnson and that "the court try, ascertain and determine, adjudge and decree the estate, title and interest of the plaintiff and the defendants, respectively, in and to the real estate aforesaid."

The count in ejectment, after the first four mentioned subdivisions, alleged that on "the 31st day of October, 1931, plaintiff was entitled to the possession of the following described premises situate in the County of Franklin and State of Missouri." The real estate and acreage described was the same as described in the count to quiet and determine title. It was then alleged that plaintiff "being so entitled to the possession; the Irene W. Johnson by her own act and through her agents and servants afterward on, to wit: the 1st day of November, 1931, entered into such premises secretly against the will of and without the consent or knowledge of plaintiff and unlawfully withheld from the plaintiff the possession thereof to the time of her death; that substituted defendants now continue to withhold possession thereof from [sic] plaintiff's damage in the sum of Fifteen Hundred Dollars ($1,500.00)." The value of the monthly rents was stated to be $125 and the prayer was for an order of publication for "the unknown heirs and assignees of Irene W. Johnson, deceased, claiming title in the described real estate"; and that plaintiff have "judgment for the recovery of said premises" and damages, as alleged, for withholding possession from plaintiff and for monthly rent in the amount stated, "from the rendition of the judgment until the possession of the premises is delivered to plaintiff * * *."

The petition in question was filed in the Circuit Court of Franklin County on April 16, 1959, and, thereafter, on September 15, 1959, "summonses were issued on all defendants" and returns as to service were subsequently filed.

Some defendants joined in one motion to dismiss the plaintiff's petition and other defendants joined in another motion to dismiss. The motions to dismiss were filed October 15, 1959, and both contain somewhat similar allegations and alleged that the present action had not been timely refiled under Sec. 516.230 RSMo 1949, V.A. M.S. The facts alleged were that: "The case of Lillian I. Randall v. Irene W. Johnson, being Case No. 14,083, was originally filed in this Court to the March Term of 1938; on August 16, 1944, said cause was dismissed for failure of prosecution, and was thereafter reinstated; on April 22, 1958, this Court, upon its own motion, dismissed this case for failure of the plaintiff to prosecute." It was further alleged that while the instant petition was filed on April 16, 1959, no summonses were issued until September 15, 1959, as plaintiff well knew from correspondence with the clerk of the court; and that "this cause of action not having been commenced within one year after said dismissal of April 22, 1958, * * * it has not been timely filed and therefore this court has no jurisdiction over the person of these defendants." In view of the issue here presented, alternative allegations by certain defendants in one of the motions need not be reviewed, but the matter is subsequently referred to.

The motions to dismiss were not verified and the pleadings in the prior action were not offered in evidence, nor was there any evidence as to the date of filing or dismissal of the prior action. See Sec. 509.290 RSMo 1949, V.A.M.S. The nearest approach to the date of dismissal of the prior suit appears from the testimony of Bryan Moser, a witness for plaintiff, that it was in April 1958; and that he heard the Judge's decision. The particular day was not stated. Moser was not a party to the action, nor was he an attorney for plaintiff, but he was looking after plaintiff's business. When the present action was filed, he gave the circuit clerk no instructions in regard to withholding the issuance of summons. The parties to the present action, filed a stipulation at the time of the hearing of the motions to dismiss to the effect that a letter was written by plaintiff's attorney to the clerk of the circuit court on April 15, 1959; that it was received by the clerk on the 16th; that a copy of the letter was in the files in this case; and that a reply was made to the same. The effect of the stipulation was to bring before the court in the hearing on the motions the content of both letters. The letter of April 15, 1959, to the clerk concerning the case stated: "Enclosed find check in the sum of $18.00 to cover court costs in the above matter. Also find original and two copies of the petition in this matter which I would appreciate being filed immediately. I am having sufficient copies made for the other defendants."

The letter of the clerk dated April 16, 1959, acknowledged the receipt of the check and the copies of the petition and stated that the original petition had been filed. The letter further stated: "Upon further instructions from you as to the defendants' addresses and receipt of sufficient copies of petition, we shall issue summonses." Plaintiff's counsel brought the necessary additional copies of the petition to the clerk's office on September 15, 1959, with certain addresses, and summonses were issued. Defendant St. Albans Farms, Inc. was served with process at St. Albans, in Franklin County, on September 17, 1959.

On January 5, 1960, defendants' motions to dismiss plaintiff's petition were sustained and plaintiff's petition was dismissed, as stated.

■ Appellant contends that the evidence will not sustain a finding that the issuance of summonses was withheld at the direction of plaintiff's counsel, citing Sec. 506.120 RSMo 1949, V.A.M.S.; State ex rel. Evans v. Broaddus, 245 Mo. 123, 149 S.W. 473, 476; Henry Evers Mfg. Co. v. Grant, Mo.App., 284 S.W. 525, 528 and other cases. Appellant's theory is that the new action was commenced on April 16, 1959. We find nothing in the correspondence presented that can be construed as a direction by plaintiff's attorney to the clerk of the circuit court not to issue summons to any one or all of the defendants. The documentary evidence mentioned was insufficient to support a finding that the present action was not commenced on April 16, 1959. State ex rel. and to Use of Bair v. Producers Gravel Co., 341 Mo. 1106, 111 S.W.2d 521, 523(1, 2); Wormington (Woolsey) v. City of Monett (Banc) 358 Mo. 1044, 218 S.W.2d 586, 590(9); State ex rel. Great Lakes Steel Corp. v. Sartorius, Mo.Sup., 249 S.W.2d 853, 855; State ex rel. Brown v. Wilson, 216 Mo. 215, 115 S.W. 549, 573, and State ex rel. Rakowsky v. Bates, Mo.App., 286 S.W. 420, 421. Respondents rely on cases where express directions were given to withhold the issuance or service of summons. Green v. Ferguson, Mo.App., 184 S.W.2d 790; Hill-Behan Lbr. Co. v. Sellers, Mo.App., 149 S.W.2d 465, 467.

Appellant further contends that the court erred in sustaining the defendants' motions to dismiss plaintiff's petition because there was no proof introduced in the record to indicate that the causes of action stated in the petition were subject to limitations of any character or were barred by any statute of limitations.

It is apparent that the motions to dismiss filed by defendants were filed pursuant to Sec. 509.290 RSMo 1949, V.A.M.S.; and that they sought to raise the question of jurisdiction over the person. Such motions do not prove themselves. Proof is required and the burden rests upon the party filing such a motion to make proof of its allegations. Rippe v. Sutter, Mo. Sup., 292 S.W.2d 86, 89(6–9); Hamilton v. Linn, 355 Mo. 1178, 200 S.W.2d 69, 71; Metcalf v. American Surety Co. of N. Y., 360 Mo. 1043, 232 S.W.2d 526, 530(4, 5). No evidence was offered as to the type or kind of the former action or of the parties, plaintiff and defendant, except as appears from the face of plaintiff's petition. The name of only one defendant in the prior action appears in the petition. The date of dismissal of the former action and the form of the court's order do not appear and were not shown by evidence. There was evidence that a witness heard the court dismiss a prior suit on some day in April 1958. While the defendants' motions to dismiss purported to be based on Sec. 516.230 RSMo 1949, V.A.M.S., the defendants offered no evidence tending to show that the causes of action purported to be stated in the petition were barred by any statute of limitations or that plaintiff required the assistance of the provisions of the saving statute, Sec. 516.230 RSMo 1949, V.A.M.S., in order to maintain the present suit. Halloran v. Hackmann, Mo.Sup., 160 S.W.2d 769, 771. And see Foster v. Pettijohn, 358 Mo. 84, 213 S.W.2d 487, 490(3, 5). Further, Sec. 516.230 RSMo 1949, V.A.M.S., does not curtail, but only extends the time allowed by certain other statutes of limitations. Karnes v. American Fire Ins. Co. of Philadelphia, 144 Mo. 413, 419, 46 S.W. 166. Defendants offered no evidence that Sec. 516.230, referred to in their motions to dismiss, had any necessary application to plaintiff's present action to permit its maintenance. Foster v. Pettijohn, supra.

While plaintiff's petition and the evidence offered in support of the motions to dismiss tended to show that a prior action had been filed by plaintiff and that it had been dismissed by the circuit court of the same county, the proceedings therein were in a different case and no request was made by either plaintiff or defendants that the court take judicial notice of its own records in the prior case, nor does the record show that the court did take such judicial notice of its own records on its own motion in order to rule the issues presented. See Knorp v. Thompson, 352 Mo. 44, 175 S.W.2d 889, 893. Judicial notice is a rule of evidence. Timson v. Manufacturers' Coal & Coke Co., 220 Mo. 580, 119 S.W. 565, 569; Scheufler v. Continental Life Ins. Co., 350 Mo. 886, 169 S.W.2d 359, 365. The facts of which a trial court does take judicial notice must be offered in evidence so as to become a part of the record in the case. Hume v. Wright, Mo. Sup., 274 S.W. 741, 744(3); Scheufler v. Continental Life Ins. Co., supra, 169 S.W. 2d 359, 365(4); Richards Brick Co. v. Wright, 231 Mo.App. 946, 82 S.W.2d 274, 279(6–8). And see Knorp v. Thompson, supra, 175 S.W.2d 889, 894(4). The reasons for such a rule are well stated in the foregoing cases.

Under Sec. 509.270 RSMo 1949, V.A.M.S., demurrers to pleadings were abolished, but the sufficiency of a pleading to state a claim upon which relief may be granted can be raised by motion. See Jones v. Williams, 357 Mo. 531, 209 S.W.2d 907, 910. No dates are alleged in the count of plaintiff's petition to quiet and determine title, other than the date of the death of a prior defendant Johnson, on January 18, 1954, and no facts were put in evidence tending to show the action was barred by any statute of limitations. The facts stated in this count were sufficient to state a claim upon which relief could be granted under Sec. 527.150 RSMo 1949, V.A.M.S. Bailey v. Williams, Mo.Sup., 326 S.W.2d 115, 121; Klorner v. Nunn, Mo.Sup., 318 S.W.2d 241, 245(3, 4). And see Sec. 509.050 RSMo 1949, V.A.M.S. Supreme Court Rules 55.06 and 93.01, V.A.M.R., became

effective subsequent to the date of the judgment appealed.

■ We need not rule the sufficiency of the count in ejectment to state a claim upon which relief can be granted, because the motions to dismiss have not assigned as a ground for dismissal that this count of the petition failed to state a claim upon which relief could be granted. While respondents now contend in this Court that plaintiff's petition shows on its face that the action is barred by the *ten-year* statute of limitations (Sec. 516.010 RSMo 1949, V.A.M.S.), the motions to dismiss, which were filed and ruled in the trial court, assigned no such ground. The motions to dismiss must be considered on appeal in accordance with their allegations and upon the same theory upon which they were presented and ruled in the trial court. Gibson v. Ransdell, Mo.Sup., 188 S.W.2d 35, 38(6, 7).

Respondents also insist that "the court properly sustained the motion to dismiss appellant's petition as to the three executors since the period for filing claims against the estate had passed and since the executors had been discharged and the estate had been closed prior to the filing of this case." Respondents refer to the alternative portion of the motion to dismiss filed on behalf of "Oscar Johnson, formerly Executor, individually, and as Trustee; James Lee Johnson, formerly Executor, individually, and as Trustee; and St. Louis Union Trust Company, formerly Administrator C.T.A., as Trustee." While a portion of the motion to dismiss alleged the mentioned facts and asked for alternative relief, this portion of the motion concluded as follows: "Wherefore, these defendants pray this Court that it *dismiss this cause against them as such Executors and Administrator* c.t.a. at the plaintiff's cost *without day.*" (Italics ours.) The trial court, however, did *not* sustain this portion of respondents' motion and no order was entered thereon adverse to appellant. The trial court sustained the first part of the respondents' motion to dismiss and dismissed plaintiff's petition. It was from this latter order and judgment that plaintiff took her appeal.

We have not overlooked the statement in appellant's reply brief that the only issue rightfully before this Court "is whether the suit was commenced within the year"; and that this Court has never barred an action on a motion to dismiss "unless there was the most positive proof of a specific and explicit instruction to the Circuit Clerk to withhold the issuance of summons." Assuming that the issue was as stated, nevertheless there was no evidence before the trial court to sustain the allegations of the motions to dismiss, or to support the court's action in sustaining the motions and dismissing plaintiff's petition on the basis requested.

The judgment is reversed and the cause remanded.

All concur.