**Marvin FINE and Rosalind Fine, Plaintiffs-Appellants,**

**v.**

**WALDMAN MERCANTILE COMPANY, a Corporation, and Esther Miller, Defendants-Respondents.**

No. 32540.

St. Louis Court of Appeals.

Missouri.

Feb. 21, 1967.

Adolph K. Schwartz, St. Louis, for appellants.

Gray & Sommers, C. Marshall Friedman, St. Louis, for respondents.

CLEMENS, Commissioner.

On this appeal two principles of appellate procedure come into conflict: the presumption that the trial court acted correctly, and the presumption that the transcript is correct and complete.

The defendants filed motions to dismiss plaintiffs' petition, charging that a prior action concerning the same subject matter was pending and that the plaintiffs could get relief only by counterclaims in the prior action. The trial court granted the motions and dismissed the petition. Plaintiffs appeal from that order.

By their petition, filed November 18, 1965, plaintiffs Marvin Fine and Rosalind Fine asked for damages arising from a collision with an automobile owned by defendant Waldman Mercantile Company and driven by its agent, defendant Esther Miller. The defendants filed separate motions to dismiss the petition because the Fines had failed to comply with the compulsory counterclaim rule (Civil Rule 55.45 [a], V.A.M.R.). Defendant Miller's motion to dismiss asserted:

"1. A suit arising out of the same occurrence as that alleged in plaintiffs' petition has been previously commenced by this defendant in the Circuit Court of the County of St. Louis, State of Missouri, on October 30, 1965, with summons served on plaintiff, Rosalind Fine, on November 9, 1965, both prior to the filing of this petition."

Defendant Waldman's motion to dismiss asserted the same ground and added:

"2. Pursuant to V.A.M.R. Civil Rule 55.45(a), jurisdiction of this plaintiff's claim is vested in the Circuit Court of the County of St. Louis, State of Missouri, in which jurisdiction of this defendant can be obtained, and therefore, if filed at all, must be filed as a counterclaim in that action."

On January 4, 1966, the parties appeared in court by counsel and the motions—to quote from the record—"were presented to the Court, argued, heard [leave granted to file memoranda, and thereupon] taken as submitted." Then, on February 8, 1966, the trial court entered this order:

"The Court having heard and duly considered defendant Miller and Waldman Mercantile Company's separate motions to dismiss, heretofore filed, presented and submitted, and now being sufficiently advised of and concerning the premises, doth order that said motions be and the same are hereby sustained."

On this appeal, the plaintiffs claim the trial court erred in dismissing their petition because defendants had failed to show there was another action pending that would bring plaintiffs' action within the compulsory counterclaim rule.

We have quoted substantially from the transcript, approved by all parties. We note that defendants' motions to dismiss are unverified; there are no supporting affidavits or exhibits; and the transcript does not show any stipulations, admissions or evidence of the alleged prior action. We further note that in its order dismissing plaintiffs' petition the trial court made no finding about the alleged prior action. (And since it was alleged to be pending in another court, it could not have been judicially noticed. State v. Moreland, Mo., 351 S.W.2d 33 [6].)

The defendants' motions to dismiss are authorized by Civil Rule 55.31, V.A.M. R., which says that certain defenses, including the pendency of another action, "and other matters" may be raised by motion. This kind of motion may go beyond the face of the pleadings; it has been called a "speaking motion." Randall v. St. Albans Farms, Inc., Mo., 345 S.W.2d 220 [2]; Locasio v. Ford Motor Co., 240 Mo.App. 269, 203 S.W.2d 518 [1, 2]. But unless the grounds for the motion are uncontroverted, they must be supported by affidavits, records or other evidence. In other words, the motion does not prove itself; the movant has the burden of proving its substance. Glick v. Ballentine Produce Inc., Mo., 396 S.W.2d 609 [2]; Hall v. Smith, Mo., 355 S.W.2d 52 [4]; Hamilton v. Linn, 355 Mo. 1178, 200 S.W.2d 69 [7-8]; Meisel v. Mueller, Mo.App., 261 S.W.2d 526, 1. c. 531–532.

The defendants here did not carry that burden; the record is void of evidentiary support that would authorize the court to grant the motion. It seems incredible to us that the trial court dismissed plaintiffs' petition without having before it some documentary evidence of the prior action. We suspect that it did. The defendants, however, did not make a record of facts upon which we can say the trial court was correct in dismissing the petition. We must take the transcript as we find it; it may not be padded with extraneous material. Baker v. Missouri Nat. Life Ins. Co., Mo.App., 372 S.W.2d 147 [11, 12]. (For this reason we do not consider the certified copies of pleadings that defendants recently lodged with our clerk—deposited without notifying opposing counsel and without asking for leave to file.)

As said, we are confronted with conflicting principles: the presumption of correct action by the trial court and the presumption of the verity of the transcript. We often read: "Where there is no showing to the contrary, the presumption is in favor of correct action by the trial court." 3 Mo.Digest, Appeal and Error ⊜907(1). But we also often see the statement: "A

transcript, duly approved, is presumed to contain everything pertinent to the issues presented." 3 Mo.Digest, Appeal and Error ⊜939. Where the propriety of granting a motion depends on evidence but no evidence appears in the transcript, we cannot presume that proper evidence was adduced. McDaniel v. Lovelace, Mo.App., 392 S.W.2d 422 [6–7]. To the contrary, if the transcript fails to show evidence was adduced, we must presume evidence was not adduced. Rippe v. Sutter, Mo., 292 S.W.2d 86 [6].

Reconciling these two principles, we say that for us to presume correct action by the trial court in dismissing the plaintiffs' petition we would have to assume—contrary to the transcript—that evidence was introduced and, further, we would have to speculate what that evidence was. This we may not do. Rippe v. Sutter, supra; State ex rel. Southwest Nat. Bank of Kansas City v. Ellison, 266 Mo. 423, 181 S.W. 998 [4–5].

The case before us is not unique. In Randall v. St. Albans Farms, supra, and Rippe v. Sutter, supra, it was held erroneous to grant a "speaking motion" to dismiss where the transcript did not show evidence to support the motion.

To summarize: Defendants' motions to dismiss did not attack the merits of plaintiffs' petition; they raised a jurisdictional issue. The grounds of the motions—the pendency of another action—were matters that were *capable* of unassailable proof. Therefore, the motions were authorized by Civil Rule 55.31, V.A.M.R., and gave the trial court *jurisdiction* to dismiss the petition. But the trial court had no *authority* to dismiss the petition until the defendants did present unassailable proof that there was a prior action pending that would bring the plaintiffs within the scope of the compulsory counterclaim rule. The defendants did not present that unassailable proof, so it was error to grant their motions to dismiss.

The judgment is reversed and the cause remanded with instructions to reinstate plaintiffs' petition and to grant defendants leave to amend and resubmit their motions to dismiss if they so desire.

PER CURIAM.

The foregoing opinion of CLEMENS, C., is adopted as the opinion of this court. Accordingly, the judgment is reversed and the cause remanded with instructions to reinstate plaintiffs' petition and to grant defendants leave to amend and resubmit their motions to dismiss if they so desire.

WOLFE, P. J., and ANDERSON and RUDDY, JJ., concur.