Melvin **WILLIAMS** and Estalee D. Williams, Plaintiffs-Appellants,

v.

Margaret **WILLIAMS**, Administratrix of the Estate of Robert V. Williams, Deceased, and Margaret Williams, an Individual, Defendant-Respondent.

No. 9361.

Missouri Court of Appeals, Springfield District.

July 2, 1973.

Richard D. Moore, John C. Holstein, Moore & Brill, West Plains, for plaintiffs-appellants.

Esco V. Kell, West Plains, for defendant-respondent.

TITUS, Chief Judge.

At a sale allegedly authorized by the Probate Court of Shannon County (§ 473.- 457 et seq. RSMo 1969), real property was knocked off to plaintiffs on June 1, 1968, by defendant, the administratrix of a decedent's estate. Plaintiffs subsequently sued defendant (individually and as administratrix) in the Circuit Court of Shannon County charging that defendant's by-bidding or puffing at the sale ran up plaintiffs' original $15,000 bid to their final bid of $23,225 for which they bought the real estate. Count I of the petition prayed for the court to order defendant, either individually or as administratrix, to reimburse plaintiffs for the $8,225 difference or to set aside the sale and order a new one; Count II asked reformation of the incorrect legal description contained in the administratrix' deed "in the event the Court should grant plaintiff [sic] relief in the form of reimbursement as prayed for in Count I." Defendant, answering separately for herself and as administratrix, asseverated, inter alia, that the Probate Court of Shannon County on June 11, 1968, had approved and confirmed the sale of June 1, 1968, and that it was pursuant to "said judgment and order" (§ 473.513 RSMo 1969) the administratrix did "execute and deliver said deed to plaintiffs." Defendant additionally averred that "plaintiffs have waived any rights . . . to attack said judgment in the present suit and are estopped from making any attack by an independent suit and that the matter is res judicata." As to Count II, defendant said since the estate had not been closed, only the probate court "would have jurisdiction over the matters" alleged therein. Contemporaneously with her answers defendant filed a motion to dismiss plaintiffs' petition because the June 11th judgment was not subject to collateral attack. By the time the pleadings reached this stage the regular judge of the Shannon County Circuit Court had recused, a special judge had been assigned and the cause had been transferred to the Circuit Court of Howell County for determination. Upon the pleadings alone, the latter court found "that Count I of said petition amounts to a collateral attack upon a judgment of the

Probate Court of Shannon County [and] with regard to Count II . . . that an erroneous description was made in the administratrix's deed." Having so found, a judgment was entered dismissing Count I with prejudice and reforming the deed.[1] Plaintiffs appealed.

■ Res judicata is an affirmative defense (Rule 55.10), V.A.M.R. which may also be raised by a so-called "speaking motion" as "other matters" under Rule 55.31 if it will dispose of an action groundless on the uncontroverted facts. Hall v. Smith, 355 S.W.2d 52, 55[3] (Mo.1962); Meisel v. Mueller, 261 S.W.2d 526, 532[1] (Mo.App.1953). Setting forth a judgment as res judicata in bar of a cause of action, is tantamount to saying that the judgment is not subject to collateral attack. 50 C.J. S. Judgments § 594, p. 14. However, motions and other pleadings do not prove themselves. Randall v. St. Albans Farms, Inc., 345 S.W.2d 220, 223 (Mo.1961); Gonseth v. K & K Oil Company, 439 S.W. 2d 18, 25 (Mo.App.1969). Proof is required and the burden rests upon the party filing the motion to prove its allegations. Glick v. Ballentine Produce Incorporated, 396 S.W.2d 609, 612[2] (Mo.1965). When the motion to dismiss is predicated on res judicata, the least evidence necessary to support the contention is the judgment relied on, and sans such evidence or a showing that the court may properly take judicial notice of the judgment, it is error to sustain the motion of its allegations alone. Rippe v. Sutter, 292 S.W.2d 86, 89–90[6–9] (Mo.1956).

■■ Sales by administrators under order of the probate court are judicial sales, and they pass no title until approved by the court [In re Tate's Estate, 262 S.W.2d 70, 76[3] (Mo.App.1953)] because proceedings of an administrator which are not approved by the court "shall be void." § 473.517 RSMo 1969. Therefore, unless there was, in fact, an order, judgment or decree of confirmation, the involved judicial sale was void and it, as well as the deed based on it, could be collaterally attacked. Davison v. Arne, 348 Mo. 790, 793, 155 S.W.2d 155, 156[5] (1941); State ex inf. Voigts, etc. v. City of Pleasant Valley, 453 S.W.2d 700, 704[5] (Mo.App. 1970); 50 C.J.S. Judicial Sales § 64b., pp. 689–690.

■ The Circuit Court of Howell County was without authority to take judicial notice of the records and judgments of the Probate Court of Shannon County. State v. Moreland, 351 S.W.2d 33, 37[6] (Mo. 1961); Fine v. Waldman Mercantile Company, 412 S.W.2d 549, 551 (Mo.App. 1967); 31 C.J.S. Evidence § 50(4), pp. 1039–1043. We are bound by the record before us which does not indicate that any evidence was adduced on which the court could predicate a judgment of dismissal. Ergo, we are forced to the conclusion that the circuit court erred in dismissing Count I of the petition albeit on remand it may appear that defendant's allegations as to res judicata are in fact sustained by the records. It follows that the judgment is reversed and the case remanded for further proceedings.

STONE, and BILLINGS, JJ., concur.

HOGAN, J., not participating.

1. This judgment was not made and entered until after the first appeal undertaken by the plaintiffs had been dismissed for want of a final appealable judgment. Williams v. Williams, 480 S.W.2d 525 (Mo.App. 1972).