**STATE of Missouri, ex rel. Jeremiah W. NIXON, Respondent,**

v.

**Harold E. ESTES, Appellant.**

**No. WD 58441.**

Missouri Court of Appeals, Western District.

Feb. 27, 2001.

Rehearing Denied May 1, 2001.

granted summary judgment, finding that Estes and K.C. Dynamics had violated the act by misrepresenting to customers the profitability of vending machines that the corporation sold. The court issued a permanent injunction against the defendants to prohibit the sale, lease, or offer of any products, equipment, supplies, or services in or from Missouri. The court also ordered the defendants, jointly and severally, to pay $493,630 in restitution, and it denied the attorney general's request for attorney fees under § 407.130.

Estes argues that the circuit court erred in considering two of the attorney general's exhibits because they were not certified under § 490.130.[2] Exhibits B and C, tendered by the attorney general in support of his motion for summary judgment, purported to be excerpts of testimony from Estes's guilty plea and an employee's criminal trial, respectively, in which Estes admitted that he made false profit projections and misled prospective customers. The exhibits contained only selected pages of the transcripts. They were the attorney general's only evidence to prove that Estes knowingly violated § 407.020.1. Estes first raised this issue in a memorandum responding to the motion for summary judgment.

Rule 74.04(e) concerns the contents and quality of documents supporting a motion for summary judgment. It requires that affidavits set forth facts "as would be admissible in evidence," and that "[s ] *worn or certified* copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith."[3]

Harold Estes, Cameron, pro se.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, Sue Sperry, James Dale Youngs, Asst. Attys. Gen., Kansas City, Mo, for Respondent.

SPINDEN, Chief Judge.

The Attorney General initiated this civil action to enjoin Harold Estes and his corporation, K.C. Dynamics, from violating § 407.020.1,[1] part of the Missouri Merchandising Practices Act. The circuit court

---

1. Unless otherwise stated, all statutory citations refer to the 1998 Cumulative Supplement.

2. This statute says, "Copies from the record of proceedings of any court of this state, attested by the clerk thereof, with the seal of the court annexed, if there be a seal, or if there be no seal, with the private seal of the clerk, shall be received as evidence of the acts or proceedings of such court in any court of this state."

3. We added the emphasis.

■ Section 490.130 requires that court records used as evidence in other proceedings be certified by the court clerk. In addition, § 492.370, RSMo 1994, says:

Depositions or examinations taken by any person or officer in this state authorized ... to take depositions, ... and certified by such person or officer in his official character, and accompanied by his seal of office, if there be one, shall, to all intents and purposes, be sufficient evidence of the authentication of such depositions or examinations.

The proffered exhibits contained neither a court clerk's seal nor a court reporter's seal. Without certification, these exhibits were not admissible as evidence, and the circuit court erred in considering them. See State v. Moore, 882 S.W.2d 253, 263 (Mo.App.1994) cert. denied, 513 U.S. 1130, 115 S.Ct. 942, 130 L.Ed.2d 886 (1995); Frey v. Barnes Hospital, 706 S.W.2d 51, 54–55 (Mo.App.1986) (finding proper authentication when a court reporter attested to the accuracy of a deposition transcript in an affidavit and on the transcript itself).

■ The attorney general argues that the lack of certification was a mere technicality that should not proscribe our affirming the circuit court's judgment. We recognize that procedural rules "are not ends in themselves. [W]e do not generally consider noncompliance with rules or statutory procedures to warrant reversal in the absence of prejudice." Heintz v. Woodson, 758 S.W.2d 452, 454 (Mo. banc 1988). This case, however, does not involve a procedural rule; it involves a rule of evidence. These rules require strict compliance. Nachtweih v. Maravilla, 861 S.W.2d 164, 168 (Mo.App.1993). "By requiring strict compliance with the rules of evidence, we help to insure that a decision ... is made only on reliable, credible and

relevant evidence." In re S.P.W., 707 S.W.2d 814, 820 (Mo.App.1986).

■ The attorney general also argues that we should view the purported transcripts as admissions by Estes. He cites Egelhoff v.. Holt, 875 S.W.2d 543 (Mo. banc 1994), for the proposition that "[t]he only requirement for an admission is that it be a relevant statement of a party offered by the party's opponent." Id. at 551. In Egelhoff, the Supreme Court did uphold admission of deposition testimony while noting that "admissions are not even required to be statements under oath." Id. We can presume from the case that the transcript of the deposition was in the courtroom in the Egelhoff case.

Nonetheless, Rule 74.04(e) requires admissible evidence, including "[s]worn or certified copies of all papers." The circuit court must be satisfied that the statement used as an admission was accurately recorded. In this case, the circuit court had no way to verify that the exhibits accurately represented Estes' testimony.

In State v. Blockton, 703 S.W.2d 500 (Mo.App.1985), the court determined that the circuit court erred in refusing to admit a certified transcript as an admission for purposes of impeachment. The court said, "Clearly, where an inconsistent statement appears in an official written transcript, it is admissible as evidence." Id. at 505.[4] The Blockton court concluded that admission of transcript testimony depended on whether the witness denied, equivocated, or agreed with the transcript testimony. Id. Ultimately, the court found that the defendant was not prejudiced because he had the benefit of the testimony in the transcript anyway. In this case, Estes was prejudiced because the transcripts were the state's only evidence that he knowingly violated § 407.020.1.

4. We added the emphasis.

Estes argues also that the circuit court erred by granting summary judgment because genuine issues of material fact remained in dispute. Without deciding this point, we decline to review it in light of the preceding analysis. We reverse the circuit court's judgment and remand the case for further proceedings consistent with this opinion.

LOWENSTEIN, and HOLLIGER, JJ., concur.