Sherry BLUNT and Kenneth Blunt,
Plaintiffs–Appellants,

v.

Richard Blay GILLETTE, Defendant–
Respondent.

No. 25578.

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 15, 2004.

M. Scott Montgomery, Springfield, for Appellants.

James H. Arneson, Springfield, for Respondent.

KENNETH W. SHRUM, Judge.

Kenneth and Sherry Blunt ("Plaintiffs") sued Richard Gillette ("Defendant") for breach of contract. In an alternate count, Plaintiffs sought damages from Defendant on a quantum meruit theory. Defendant moved for dismissal of Plaintiffs' suit based on a *res judicata* defense, i.e., that a Christian County judgment was a complete bar to this suit. The trial court agreed and entered summary judgment for Defendant pursuant to Rule 74.04.[1] Plaintiffs appeal, charging that the trial court committed reversible error by relying on inadmissible documents as evidentiary support for the summary judgment. This court agrees. The judgment is reversed and the case is remanded.

**STANDARD OF REVIEW**

"At any time, a party against whom a claim . . . is sought may move with or without supporting affidavits for a summary judgment as to all or any part of the pending issues." Rule 74.04(b). The key to summary judgment is the undisputed right to a judgment as a matter of law. *ITT Commercial Fin. v. Mid-Am. Marine*, 854 S.W.2d 371, 380[12] (Mo.banc 1993). Our review of a trial court's grant of summary judgment is essentially *de*

*novo* because the propriety of the court's action is purely an issue of law founded solely upon the record submitted and the applicable law. *Id.* at 376. In other words, we need not defer to the trial court's decision because we must measure the propriety of summary judgment by the same criteria used by the trial court. *Id.*

A summary judgment movant has the burden of showing a right to judgment as a matter of law. *THF Chesterfield North Development, L.L.C. v. City of Chesterfield*, 106 S.W.3d 13, 16 (Mo.App. 2003). Because the doctrine of *res judicata* is an affirmative defense that is not self-proving, the proponent of it must adduce evidence in support of such defense. *E.C.E., Inc. v. Jeffrey*, 104 S.W.3d 420, 423 (Mo.App.2003). However, "[o]nly evidentiary materials that are admissible or usable at trial can sustain or avoid a summary judgment." *Partney v. Reed*, 889 S.W.2d 896, 901[11] (Mo.App.1994).

**DISCUSSION AND DECISION**

In essence, Plaintiffs' point on appeal claims that Defendant did not show entitlement to summary judgment because the proffered evidence of the Christian County judgment was not admissible. The factual background for this argument follows.

In response to Plaintiffs' suit, Defendant filed a "Motion to Dismiss" and "Suggestions in Support of Motion to Dismiss." He alleged Plaintiffs' breach of contract and quantum meruit counts were barred by an earlier suit and judgment rendered in his favor by the circuit court of Christian County. To support that allegation, Defendant attached to his motion two uncertified documents. The uncertified attachments purported to be an amended

---

1. All rule references are to Supreme Court Rules (2003), unless otherwise indicated.

petition and judgment from the Christian County case.

Because of the attachments, the Greene County judge treated Defendant's motion to dismiss as one for summary judgment under Rule 55.27(a). In doing so, the trial judge gave the parties additional time to present any further material they wanted the court to consider.[2]

Plaintiffs timely objected to the court using the documents filed by Defendant because the petition and judgment were not "[s]worn or certified copies." Defendant responded that the "copy of the previous judgment ... in the Christian County action" adequately revealed his "position regarding *res judicata.*" The Greene County trial court relied solely upon the uncertified documents to hold that *res judicata* principles barred Plaintiffs' suit.

 Because Defendant's motion raised a *res judicata* defense, Defendant had to prove, at the very least, the judgment relied on. *Williams v. Williams,* 497 S.W.2d 415, 417[3] (Mo.App.1973). Absent such evidence or showing that the court could properly take judicial notice of the judgment, it is error to sustain a motion based solely on allegations contained therein. *Id.*

 "Section 490.130 [RSMo Cum. Supp. (2001)] requires that court records used as evidence in other proceedings be certified by the court clerk." *State ex rel. Nixon v. Estes,* 41 S.W.3d 25, 27 (Mo.App. 2001). Without such certification, the exhibits are not admissible as evidence, and a trial court errs when it considers them on summary judgment. *Id.; see also Part-*

*ney,* 889 S.W.2d at 901. Moreover, a circuit court of one county in Missouri has no authority to take judicial notice of court records of another county. *Pogue v. Associated Elec. Co-op., Inc.,* 760 S.W.2d 169, 171[1] (Mo.App.1988); *Williams,* 497 S.W.2d at 417; 31A C.J.S. *Evidence* § 59 at 165 (1996).

 Since the documents attached to Defendant's motion were not certified by the Christian County circuit clerk and the Greene County court could not take judicial notice of those records, the trial court erred in considering them. Since there was no other evidence presented to support summary judgment for Defendant, the judgment must be reversed.

The judgment is reversed and the case is remanded.

PARRISH, J. and BATES, J., concur.

---

**2.** Rule 55.08 labels the doctrine of *res judicata* as an affirmative defense, but the defense essentially alleges that the plaintiff has failed to state a claim upon which relief can be granted. *Chesterfield Village, Inc. v. City of Chesterfield,* 64 S.W.3d 315, 318 n. 1 (Mo.

banc 2002). If, on a motion for failure to state a claim, matters outside the pleadings are considered, then the motion is treated as one for summary judgment. Rule 55.27(a); *Chesterfield Village,* 64 S.W.3d at 318 n. 1.